IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DONALD LARSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 118-038 |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations of the Social | ) | |
| Security Administration, Performing the | ) | |
| Duties and Functions Not Reserved to the | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Donald Larsen appeals the decision of the Acting Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.   BACKGROUND**

Plaintiff applied for DIB in June of 2015, alleging a disability onset date of October 10, 2013. Tr. ("R."), pp. 203-09. Plaintiff's last insured date for purposes of the DIB application is

December 31, 2019.  R. 13, 288.  Plaintiff was thirty years old on his alleged disability onset date.  R. 288.  Plaintiff applied for benefits based on allegations of PTSD, lower back problems, degenerative disc disease, a "rare back disorder," knee problems, a neurocognitive disorder, right shoulder problems, a herniated disc, degenerative joint disease, moderate foraminal canal stenosis, anxiety, and use of a C-PAP machine.  R. 247, 266.  Plaintiff has a high school education and completed one year of college.  R. 248.  Prior to his alleged disability, Plaintiff had accrued relevant work history as an infantry weapons crew member, mail room attendant and supervisor, food handler, and produce clerk.  R. 24, 74, 248, 267.

The Social Security Administration denied Plaintiff's applications initially, R. 107-22, and on reconsideration, R. 123-41.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), R. 171-72, and the ALJ held a hearing on May 11, 2017.  R. 31-82.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Carey A. Washington, Pd.D., a Vocational Expert ("VE").  Id.  On October 27, 2017, the ALJ issued an unfavorable decision.  R. 10-26.

Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since October 10, 2013, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*.).

2. The claimant has the following severe impairments: lumbar spine disorder with radiculopathy, degenerative joint disease of the right knee and right shoulder, mild neurocognitive disorder, anxiety disorder, depression, post-traumatic stress disorder, and obesity (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the RFC to perform sedentary work[1] as defined in 20 C.F.R. § 404.1567(a) except he can lift no more than 10 pounds occasionally and less than 10 pounds frequently. He can stand and/or walk for an aggregate of 2 hours in an 8-hour workday. He can stoop, balance, crouch, kneel, and climb ramps and stairs no more than occasionally. He cannot crawl or climb ladders, ropes, or scaffolds. He can frequently reach overhead with his bilateral upper extremities. He cannot have exposure to hazards such as unprotected heights, vibration, or dangerous machinery. He cannot have concentrated exposure to extremes of humidity, heat, or cold. He is limited to performing simple, routine, and repetitive tasks, but is able to maintain concentration, persistence, and pace on such tasks for periods of two hours without the need for special supervision; in a low stress environment, meaning he should not be required to meet a rigid, inflexible production schedule, make complex decisions, or adapt to frequent changes in the routine work setting, with any such changes also being gradually introduced. He cannot have interaction with the general public and cannot have close, tandem task interaction with co-workers. He must use a cane to ambulate. Thus, the claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including food service order clerk and addresser (20 C.F.R. §§ 404.1569 and 404.1569(a)). Therefore, the claimant has not been under a disability, as defined in the Social Security Act, from October 10, 2013, through the date of the ALJ's decision (20 C.F.R. § 404.1520(g)).

R. 15-26.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision.

---

[1]"Sedentary work" is defined as:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a).

Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to properly: (1) weigh the opinion evidence in determining Plaintiff's RFC; (2) discount Plaintiff's subjective complaints; and (3) develop a full and fair record. See doc. no. 17 ("Pl.'s Br."); doc. no. 79 ("Pl.'s Reply Br."). The Commissioner maintains the decision to deny Plaintiff benefits is supported by substantial evidence and should therefore be affirmed. See doc. no. 18 ("Comm'r's Br.").

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the

Commissioner even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of Commissioner's legal conclusions are not subject to substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. The Standard for Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). The Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id.

When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear

as to amount to a specific credibility finding."[2]  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  The ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability."  Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts."  Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[3]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

As explained below, the ALJ's decision is not supported by substantial evidence because the ALJ failed to consider all evidence when determining whether Plaintiff's subjective

---

[2]On March 16, 2016, Social Security Ruling ("SSR") 16-3p superseded SSR 96-7p.  SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016).  SSR 16-3p eliminates the use of the term "credibility" and clarifies "subjective symptom evaluation is not an examination of an individual's character."  Id.  However, the change in terminology does not change the substance of the Court's analysis.  See Cates v. Comm'r of Soc. Sec., 752 F. App'x 917 (11th Cir. 2018); Waters v. Berryhill, CV 316-002, 2017 WL 694243, at *6, n.4 (S.D. Ga. Jan. 30, 2017), *report and recommendation adopted by* 2017 WL 693275 (S.D. Ga. Feb. 21, 2017.)

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

complaints concerning the intensity, persistence, and limiting effects of the symptoms related to his spinal impairment were consistent with the objective evidence of record.

### B. The ALJ Failed to Consider All Evidence in Determining Whether Plaintiff's Subjective Complaints Were Consistent with the Record

At Step Four of the sequential evaluation process, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms related to his spinal impairment were not entirely consistent with the evidence in the record.  R. 19. The ALJ recounted Plaintiff's statements that he suffers from high levels of lower back pain and spasms and would rate the pain as a six or seven on a ten-point scale.  R. 18-19.  The ALJ also noted Plaintiff stated his pain distracts him from tasks, and he rests and takes Gabapentin and other medications for the pain.  R. 19.  Finally, the ALJ acknowledged Plaintiff stated he was prescribed a cane, which he uses to ambulate and stand from a seated position.  Id.

The ALJ found the medical record does not support the degree of limitations Plaintiff asserts because:  (1) there is only evidence of mild to moderate findings; (2) Plaintiff only complained of pain levels ranging from three to five on a ten-point scale to his treating physician Dr. Dale Gordineer; and (3) Dr. Gordineer only treated Plaintiff with conservative care.  R. 19-21.

First, the ALJ noted Plaintiff's MRIs and X-rays showed only mild and moderate diagnostic findings.  R. 20.  However, it is clear based on his findings the ALJ did not consider the impressions and diagnostic codes accompanying these findings, which indicate Plaintiff's condition was severe and worsening.  The July 2013 MRI showed narrowing of the disc space, dehydration, moderate broad-based disc bulge, mild to moderate neural

7

foraminal narrowing with contact of nerve roots, and minimal central canal narrowing at L4 and L5 vertebrae.  R. 1015-16.  The accompanying impression based on the results was Plaintiff suffered from "moderate to severe degenerative disc disease . . . ."  R. 1016.

Based on the October 2014 x-ray, Dr. Darin Morgan, M.D., interpreted Plaintiff's spine condition, which included minimal spondylosis, moderate degenerative disc disease, and grade-one retrolisthesis, as a "minor abnormality."  R.380.  However, following the May 2015 MRI, radiologist Henry H. Moran described Plaintiff's condition as an abnormality and noted additional attention was necessary because of disc degeneration with a posterior annular tear, mild to moderate central canal stenosis, mild to moderate neural foramina narrowing, bilateral facet hypertrophy, and mild bilateral lateral recess and neural foramina narrowing.  R. 373-74.  Finally, Dr. Julio M. Araque, M.D., described Plaintiff's condition as a "significant abnormality" following the August 2016 MRI, which showed disc and facet join degenerative changes, superimposed broad-based disc protrusions, mild central spinal canal narrowing, and nonspecific clumping of the nerve roots.  R. 1597-98.

Thus, the record includes evidence of Plaintiff's condition worsening over time, which the ALJ did not consider or discuss in his decision.  Furthermore, although the ALJ discounted Plaintiff's subjective complaints based on his finding there were only mild to moderate diagnostic findings in the record, the provider's notes following the July 2013 MRI indicates Plaintiff's condition could be considered severe despite only mild to moderate diagnostic findings.  The ALJ did not explicitly consider the provider's impression or whether the findings, alone or in conjunction, supported Plaintiff's subjective allegations despite being described as "mild" or "moderate."

Second, the ALJ found Plaintiff only reported pain levels of three to five on a ten-point scale to Dr. Gordineer. R. 20. However, Plaintiff consistently reported pain levels of seven or higher from July 2016 through April 2017. R. 1616, 1630, 1635, 1656, 1676. Moreover, on April 11, 2017, Plaintiff reported during a walk-in visit to Dr. Gordineer's office he had been in "excruciating" back pain for the past five days and reported his pain level as nine for the first time. R. 1617. Plaintiff's reported pain levels during this period evidence increased pain, which was significantly more substantial than the ALJ acknowledged, lasting at least ten months and continuing through the May 11, 2017 hearing, when Plaintiff still reported a pain level of six to seven. R. 60.

Finally, the ALJ found Dr. Gordineer's conservative treatment of Plaintiff was inconsistent with Plaintiff's subjective allegations. R. 20. The ALJ noted Dr. Gordineer referred Plaintiff to physical therapy and only prescribed Gabapentin and Baclofen for nerve pain and spasms, but no narcotics. Id. While Dr. Gordineer did not prescribe narcotic medication for Plaintiff's back pain, Dr. Gordineer reinstated Plaintiff's Gabapentin and Baclofen prescriptions on April 4, 2017, evidencing Plaintiff's worsening back condition and need for stronger medication to deal with the pain. R. 1624, 1636-37. Additionally, although Dr. Gordineer did not prescribe narcotics during the April 4th exam, he included a section in his progress notes indicating Plaintiff requires chronic narcotics for pain relief due to the severity of his problems and noted attempts to use non-narcotic medication for pain relief has been unsuccessful. R. 1626. Dr. Gordineer's April 4th treatment note indicates he was at least considering prescribing narcotic medication for Plaintiff's back pain.

9

In short, because the ALJ did not consider all of the evidence in determining Plaintiff's subjective complaints were not consistent with the objective evidence of record, the ALJ's decision is not supported by substantial evidence. Jarrell, 433 F. App'x at 814.

The Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (acknowledging evidence in record not mentioned by ALJ may support administrative decision but concluding court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). The Court offers no opinion on what a complete and accurate review of the administrative record might conclude on Plaintiff's disability application, but the Court cannot conclude that the decision as reported by the ALJ is supported by substantial evidence. As such, remand is warranted.

The Court need not reach Plaintiff's remaining contentions. Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.") Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 19th day of March, 2019, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA