IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DONALD LARSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 118-038 |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. no. 26.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED IN PART**, and Plaintiff be **AWARDED** attorneys' fees in the amount of $7,603.14 and expenses in the amount of $16.26.

**I.    DISCUSSION**

On April 12, 2019, Chief United States District Judge J. Randal Hall granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g) and judgment was entered in Plaintiff's favor. (Doc. nos. 24, 25.) Plaintiff now requests $8,253.14 in attorneys' fees for 46.7 hours of representation, including time spent filing a reply brief. (Doc. nos. 26, 27.) Plaintiff also requests $16.26 in expenses. (Doc. nos. 26, 27.) The

---

[1]Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the **CLERK** to substitute Andrew Saul, Commissioner of Social Security Administration, as the proper Defendant.

Commissioner argues for a reduction in the amount of compensable time because the tasks completed were clerical. (Doc. no. 28.) The Commissioner also argues for a decrease in the paralegal rate of $100 per hour sought by Plaintiff. (Id.) The Commissioner did not respond to Plaintiff's additional request for fees stemming from filing a reply brief.

### A. Reasonable Prevailing Market Rate for Paralegal Services

Plaintiff requests $100 per hour for paralegal services, arguing the Middle District of Georgia and Northern District of Georgia have found this rate to be reasonable. (Doc. no. 27, p. 2; doc. no. 29, pp. 5-6.) The commissioner opposes this request and argues a rate of $65-85 is the reasonable hourly rate for paralegal services in the Southern District of Georgia. (Doc. no. 28, pp.6-7.)

The rate at which paralegal services are to be compensated must be in line with "prevailing market rates." See Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 590 (2008). "A fee applicant 'bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates . . . . [F]ee counsel must supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.'" Aetna Grp. USA, Inc. v. AIDCO Int'l, Inc., 432 F. App'x 842, 842 (11th Cir. 2011) (quoting Norman v. Hous. Auth., 836 F.2d 1292, 1303 (11th Cir. 1988)); see also Holton v. Saul, CV 417-199, 2019 WL 6040184, *2 (S.D. Ga. Nov. 13, 2019) (quoting Aetna Grp. USA, Inc., 432 F. App'x at 842).

Plaintiff failed to provide any evidence showing the prevailing market rate for legal services in the Southern District of Georgia is $100 per hour, and cases from neighboring districts are not persuasive in light of the differences in population and demand for legal services. See Horton v. Saul, CV 417-199, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13,

2019) (reducing hourly rate of paralegal services from $96.88 to $75 where only cases cited were from another district and no other evidence, such as affidavits from local paralegals, established prevailing market rate to be $96.88).  The Court therefore reduces Plaintiff's hourly rate for paralegal services from $100 to $75, an amount recently found to be reasonable in this district.  Horton, 2019 WL 6040184, at *2; Jones v. Saul, CV 118-010, 2019 WL 4879135, *2 (S.D. Ga. July 1, 2019), *adopted by* 2019 WL 48777620 (S.D. Ga. October 2, 2019) (Hall, C.J.); Heard v. Berryhill, CV 117-113, 2019 WL 1292299, at *1 (S.D. Ga. Mar. 20, 2019), *appeal docketed*, No. 19-11946 (11th Cir. May 17, 2019); Callaway v. Berryhill, CV 115-166, 2019 WL 591461, at *1 (S.D. Ga. Feb. 13, 2019), *appeal docketed*, No. 19-11417 (11th Cir. Apr. 12, 2019)[2].

### B. Plaintiff Is Not Entitled to Compensation for Clerical Tasks

This Court has discretion to deny or reduce the amount of an award for fees incurred by preparation of documents "unduly and unreasonably protracted the final resolution of the matter in controversy."  See 28 U.S.C. § 2412(d)(1)(C).  Attorneys are not entitled to compensation at an attorney's rate for clerical tasks or tasks that do not require the full exercise of an attorney's education and judgment.  See Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) ("[T]asks of a clerical nature are not compensable as attorney's fees . . . under the EAJA."); Clover v. Colvin, CV 314-154, doc. no. 26 (S.D. Ga. Aug. 29, 2016) (holding plaintiff not entitled to attorneys' fees for clerical tasks).

Here, the Commissioner challenges the following eleven tasks as clerical:

*1/23/17 Files received, reviewed and processed            .6 Gifford, Kyrsten*
*from referral source for Attorney review*

---

[2]The Eleventh Circuit consolidated the appeals in Callaway and Heard.  See Callaway, No. 19-11417, *slip op*. at 1 (11th Cir. June 18, 2019).

| | | |
|---|---|---|
| *1/23/18 Correspondence to Client re: referral acknowledgment letter* | *.2* | *Gifford, Kyrsten* |
| *3/2/18 Federal court contract & other rep docs prepared for client completion* | *.6* | *Deutch, Moira* |
| 3/2/18 Telephone call with client re: assistance with In forma pauperis application | .5 | Deutch, Moira |
| *3/2/18 FDC contract and other rep docs sent via Right Signature for client execution* | *.2* | *Deutch, Moira* |
| *3/2/18 Telephone call with client re: assistance on how to view & sign rep docs online* | *.2* | *Deutch, Moira* |
| *3/2/18 FDC Contract returned via Right Signature, reviewed for completion* | *.3* | *Deutch, Moira* |
| 3/7/18 Draft complaint, ccs, proposed summons, litigants bill of rights, LR 7.1.1 | .7 | Olinsky, Howard |
| *7/11/18 Combine, strip PDF/A, OCR, and live bookmark federal court transcript (1712 pages)* | *1.5* | *Deutch, Moira* |
| 7/20/18 Preliminary review of transcript- Assign attorney writer | .5 | Wicklund, Edward |
| *4/12/18 Federal Court –Process remand for referral back to Referral source* | *.3* | *Overfield, Jennifer* |

(See doc. no. 28, p. 5.)  The Court finds the tasks italicized above to be clerical and not compensable, while the non-italicized are compensable.

Additionally, Plaintiff is entitled to compensation for the hours spent preparing his reply brief.  (Doc. no. 29, p. 6); see Goodman v. Comm'r of Soc. Sec., No. 3:17-CV-1127-J-PDB, 2019 WL 1763205, at *5-7 (M.D. Fla. April 22, 2019) (approving some fees for reply brief).  The Commissioner did not file a sur-reply challenging Plaintiff's fee requests for the reply brief.

4

Accordingly, the Court recommends granting in part Plaintiff's motion, (doc. no. 26), and awarding attorneys' fees in the amount of $7,603.14 and expenses in the amount of $16.26.

Howard D. Olinsky and Edward Wicklund- $7,048.14

>35.1 hours @ $199.10
>0.3 hours @ $199.10

Kyrsten Gifford, Moira Deutch, Michelle Callahan, and Shannon Persse- $330.00

>4.4 hours @ $75.00

Melissa Palmer- $225.00

>3.0 hours @ $75.00

### C.     The Fees Are Payable to Plaintiff

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees."  Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011).  Indeed, this approach has been followed in this District.  See Shank v. Berryhill, CV 116-030, doc. no. 20 (S.D. Ga. May 24, 2017) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (same); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court recommends awarding the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States. The Court

5

leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, No. 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

## II.   CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion for attorneys' fees be **GRANTED IN PART**, (doc. no. 26), Plaintiff be **AWARDED** attorneys' fees in the amount of $7,603.14 and expenses in the amount of $16.26.

SO REPORTED and RECOMMENDED this 14th day of January, 2020, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA